IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD USHER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>Defendants. | Civil Docket No. 21-cv-654 |

**JOINT STATUS REPORT**

The parties respectfully submit this joint status report to inform the Court of certain developments since the conclusion of briefing on Defendants' suggestion of mootness. *See* ECF Nos. 25–27.

**A.   Background**

Plaintiff Richard Usher brought this action to compel the Department of Justice ("DOJ") to produce certain documents to him that DOJ's Antitrust Division had previously produced to him under a protective order in a criminal prosecution. *See* Second Am. Compl. at ¶¶ 1-2, 14, ECF No. 16. After that criminal prosecution resulted in an acquittal, Mr. Usher maintained that he needed certain of those documents to defend himself against a parallel civil enforcement action brought by the Office of the Comptroller of the Currency ("OCC"). DOJ denied his request, and Mr. Usher brought this suit in March 2021 to challenge DOJ's decision. In July 2021, Mr. Usher moved for summary judgment.

While Mr. Usher's motion for summary judgment was pending, the OCC withdrew its charges against Mr. Usher with prejudice. *See* ECF No. 22. The parties agreed to stay briefing on Mr. Usher's motion for summary judgment while he considered whether to seek post-dismissal relief

against the OCC.  *Id.* at 2; *see also* ECF No. 23.  The parties then agreed to further stay briefing on Mr. Usher's motion for summary judgment while they briefed the question of whether the case was moot.  ECF No. 24.

In September 2021, Defendants filed a suggestion of mootness, arguing that the case was moot because the OCC proceedings in which Plaintiff sought to use the documents had concluded.  ECF Nos. 25, 27.  Plaintiff contended that Defendants failed to discharge their burden of showing the case was moot and that he maintained an interest in the case because he needed the requested documents to vindicate his rights against the OCC "and possibly in other fora."  ECF No. 26 at 1.  Mr. Usher also contended that the case fell under the exception to mootness for cases "capable of repetition, yet evading review."  *Id.* at 4.

**B.     Subsequent Developments**

The parties wish to inform the Court that, in June 2022, Mr. Usher settled his claims against the OCC.  He therefore no longer requires the requested documents to pursue a potential FTCA action against the OCC.

Plaintiff further represents that, in May 2022, the Government of Brazil's Administrative Council for Economic Defense ("CADE"), Brazil's antitrust agency, restarted its administrative action against Mr. Usher based on the same foreign exchange chatroom conduct by certifying on May 26, 2022 that all defendants had been properly notified of its proceedings by virtue of CADE's publication of such notice in two Brazilian newspapers.  Plaintiff represents that CADE had previously attempted service on Mr. Usher in 2017, but such service had not been effected.  Plaintiff further notes that Mr. Usher continues to dispute proper service of a "Technical Note" against him in 2019.  Mr. Usher filed his written preliminary defense to CADE's Technical Note on July 27, 2022, which was denied by an interim decision on September 10, 2022.  The CADE proceedings are currently in the discovery phase, and while there are no set deadlines as of yet, it is Plaintiff's current

expectation that fact discovery may close later this year.

Plaintiff also represents that, on February 28, 2023, he filed a FOIA request seeking a subset of the materials at issue in this case, namely, certain FBI "Form 302s" memorializing interviews with a DOJ witness in the 2018 trial.

### C. Parties' Proposals for Further Proceedings

The parties met and conferred on November 21, 2022 and January 12, 2023, but could not reach agreement on next steps in this litigation. The parties set forth their respective proposals for further proceedings below.

#### 1. Plaintiff's Proposal

Mr. Usher continues to maintain that this case is not moot, for the reasons explained in his Opposition to Defendants' Suggestion of Mootness. *See* ECF No. 26. In addition, Mr. Usher now requires the same exculpatory evidence he seeks here before this court and in his recent FOIA request to defend himself against allegations in the renewed CADE proceeding that largely mirror the allegations in DOJ's 2017 indictment. The most appropriate and efficient way for this action to proceed is for adjudication on the merits, given the already extensive record before this Court. Otherwise, if this Court decides to dismiss this case as moot, Mr. Usher will continue to pursue his FOIA request to DOJ for the same documents he seeks in the *Touhy* request at issue in this action, which he expects will likewise be denied.

Moreover, Mr. Usher maintains a "cognizable interest in the outcome" of this case due to the ongoing CADE proceedings; therefore, Mr. Usher's claims here are not moot. *Northwestern Univ. v. USDA*, 403 F. Supp. 2d 83, 85-86 (D.D.C. 2005) (citing *Looney v. Walters-Tucker*, 98 F. Supp. 2d 1, 2 (D.D.C. 2000)). *See also* Exec. Order No. 13,924 (May 19, 2020), Sec. 6(d) ("Consistent with any executive branch confidentiality interests, the Government should provide favorable relevant evidence in possession of the agency to the subject of an administrative enforcement action."); Due

Process Protections Act of 2020, P.L. No. 116-182, 134 Stat. Ann. 894 (amending Fed. R. Crim. Proc. 5(f), confirming the importance of *Brady* discovery obligations); Rep. Jackson Lee, Cong. Rec. H4582-83 (Sept. 21, 2020) (sponsoring the Due Process Protection Act: "[E]xculpatory evidence . . . can be the difference between innocence and conviction and fairness to both the government and the defendant. The Due Process Clause of the United States Constitution requires that prosecutors disclose to the accused all favorable evidence that is material."; also discussing *Brady* and the Ted Stevens trial).

Finally, Defendants' statement below that the "[CADE] proceedings have been pending since 2017, yet they are not referenced at all in Mr. Usher's Second Amended Complaint or subpoena to DOJ" is disingenuous. At the close of the OCC action, the DOJ Antitrust Division justified its position to the Southern District of New York ("SDNY") that Mr. Usher had no further need for the exculpatory evidence by incorrectly stating that Mr. Usher's fears of Brazilian prosecution were only of a potential case. In its September 17, 2021 letter to SDNY, the Government minimized the likelihood of a follow-on Brazilian proceeding by writing:

> Mr. Usher's *subjective* fear that a new claim or charge against him *could* arise — here, or *in Brazil*, or Korea, based on conduct that is now roughly a decade old, and for which he inexplicably could not seek discovery through the usual means — is not cognizable as "need." Any need, compelling or not, is gone.

Joint Letter Regarding Protective Order at 7, *United States v. Usher*, No. 1:17-cr-00019-RMB (S.D.N.Y. Sept. 17, 2021), ECF No. 272 (emphasis added; emphasis of "could" in original). DOJ's sudden about-face on this issue is telling: DOJ continues to play the same cynical games to limit Mr. Usher's access to documents it has admitted are exculpatory, the contents of which are fully known to Mr. Usher.

That the U.S. Government's foreign exchange trading investigation keeps generating new, repetitive prosecutions of the same conduct — and that the U.S. Government keeps denying Mr. Usher access to the same materials to defend himself against that same conduct — makes plain that

4

DOJ's denial is not only conduct capable of repetition, yet evading review — it also continues to actually repeat. Defendants' statement below that Mr. Usher "would need to follow whatever procedures are applicable" to "request documents from DOJ for use in [the] CADE proceedings" is a mere echo of the same procedural runaround Defendants offered Mr. Usher when he initially sought these documents for use in the OCC proceedings. *Compare* Decl. of J. Mark Gidley in Support of Motion for Summary Judgment ("Gidley Decl.") Ex. 23 at 5 (Aug. 21, 2020 Letter from DOJ to Judge Berman), ECF No. 20-26 (recommending that Mr. Usher (i) request document subpoenas from the ALJ in the OCC action and (ii) follow DOJ's *Touhy* procedures in order to obtain discovery from DOJ), *with* Gidley Decl. Ex. 36 at 1 (May 19, 2021 Final Letter from DOJ to Richard Usher), ECF No. 20-39 (taking position that DOJ was not subject to the ALJ's subpoena and that the materials Mr. Usher sought were not in fact subject to production under DOJ's *Touhy* procedures).

Mr. Usher therefore requests that this Court adjudicate the issue at the heart of this continuing dispute, namely, whether DOJ can continue to refuse to provide the exculpatory evidence to Mr. Usher — documents that had previously been disclosed to him — so that he can mount a full defense in the CADE proceeding and any other follow-on prosecutions arising from DOJ's initial foreign exchange investigation. Mr. Usher also requests a status hearing as soon as is convenient to the Court to discuss the developments in the case and the parties' respective positions on further proceedings.

### 2. Defendants' Proposal

Defendants continue to maintain that this case is moot and accordingly should be dismissed for the reasons explained in Defendants' suggestion of mootness. *See* ECF Nos. 25, 27. Recent developments since the conclusion of the parties' briefing on mootness further confirm that dismissal is warranted. Mr. Usher opposed mootness on the ground that he needed the requested documents to bring a potential FTCA action against the OCC. *See* ECF No. 22 at 2–3; ECF No. 26 at 1, 7, 13–

14. As Defendants explained, because the termination of the underlying OCC proceeding voided the subpoena, Mr. Usher needed to submit a new request to DOJ in connection with any new FTCA action. *See In re Apollo Grp., Inc. Sec. Litig.*, 329 F. App'x 283, 284 (D.C. Cir. 2009) (termination of an underlying subpoena "voids the subpoena and moots any ongoing litigation regarding it"). But now that Mr. Usher has settled his claims against the OCC, he cannot maintain that there is a live controversy on this basis.[1]

Nor do the pending CADE proceedings against Mr. Usher change the fact that this case is moot. Those proceedings have been pending since 2017, yet they are not referenced at all in Mr. Usher's Second Amended Complaint or subpoena to DOJ. Instead, the subpoena sought the requested documents only for use in the OCC's now-dismissed enforcement action against Mr. Usher. Because that subpoena is now void, this case is moot. If Mr. Usher seeks to request documents from DOJ for use in separate CADE proceedings in Brazil, he would need to follow whatever procedures are applicable for requesting documents in such proceedings.

Mr. Usher also seeks to resuscitate this action by noting that on February 28, 2023, he submitted a FOIA request to DOJ seeking a subset of the documents at issue in this case. DOJ has not yet responded to the request. Should Mr. Usher wish to challenge any DOJ action with respect to the FOIA request, he would of course need to bring a separate FOIA action. Like the CADE proceedings, Mr. Usher's recent FOIA request has no bearing on this case—which concerns a subpoena now voided by the since-dismissed OCC action.

Defendants therefore respectfully request that the Court dismiss this case as moot on the basis of their suggestion of mootness. ECF No. 25. Although Defendants do not believe that a hearing is necessary, they stand ready to participate in a hearing if the Court would find it useful.

---

[1] The "capable of repetition, yet evading review" exception to mootness does not apply for reasons Defendants explained in their reply in support of their suggestion of mootness. ECF No. 27 at 4–6.

Dated:   March 7, 2023                                            Respectfully submitted,

**WHITE & CASE**

 /s/ *J. Mark Gidley*
J. Mark Gidley (D.C. Bar No. 417280)
White & Case LLP
701 13th Street N.W.
Washington, DC 20005
(202) 626-3609
mgidley@whitecase.com

*Counsel for Richard Usher*


BRIAN M. BOYNTON
Acting Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Director, Federal Programs Branch

/s/ *John Robinson*
JOHN ROBINSON (D.C. Bar. No. 1044072)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-8489
john.j.robinson@usdoj.gov

*Counsel for Defendants*