UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD USHER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, <br><br> Defendants. | Civil Action No. 21-654 (JMC) |

### MEMORANDUM OPINION

Plaintiff Richard Usher has sued the Department of Justice (DOJ), seeking to obtain the exculpatory evidence produced in a criminal trial that ended with his acquittal. Mr. Usher requested this information to build his defense in a parallel administrative enforcement action brought against him by the Office of the Comptroller of the Currency (OCC). Because that parallel action has been dismissed with prejudice, Mr. Usher's suit is moot. As such, the outstanding motion for summary judgment, ECF 20, is **DENIED** as moot, and this case is **DISMISSED** as moot.[1]

### I.    BACKGROUND

Mr. Usher worked at J.P. Morgan Europe Ltd., an affiliate of the American bank J.P. Morgan Chase N.A. ECF 16 ¶ 29. On January 10, 2017, the DOJ charged Mr. Usher in the Southern District of New York (S.D.N.Y.) with Sherman Act violations based on his alleged manipulation of the worldwide market for euros and dollars. ECF 16-1 at 2–12. Concurrently, the OCC initiated

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

an administrative enforcement proceeding against Mr. Usher for the same alleged misconduct. ECF 16-1 at 14–35. After the jury in the S.D.N.Y. prosecution acquitted him of all criminal charges, Mr. Usher still had to defend himself in the parallel OCC action. ECF 16 ¶¶ 4, 6. To that end, Mr. Usher attempted to obtain the exculpatory evidence that the DOJ produced in his dismissed criminal proceeding, all of which was (and still is) governed by a restrictive protective order. ECF 16 ¶ 10.

In January 2021, Mr. Usher submitted a "*Touhy* request" in a letter to the DOJ seeking "permission to use the complete set of documents produced by the [DOJ] to Mr. Usher in the OCC enforcement action." ECF 16-1 at 201; *see United States ex. Rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Not long after, Mr. Usher also successfully moved for a subpoena (albeit for a narrower subset of the exculpatory evidence) from the Administrative Law Judge (ALJ) presiding over the OCC action. ECF 20-2 ¶ 66. The DOJ denied his *Touhy* request and declined to produce documents in response to the subpoena. ECF 20-2 ¶¶ 57–59, 67. In the present suit, Mr. Usher has asked this Court to order the DOJ to comply with his *Touhy* request or the ALJ's subpoena, both of which cover documents he considered "essential to his defense in the OCC proceeding." ECF 20-1 at 34; *see also* ECF 16 at 25.

However, the OCC proceeding is now closed. The OCC withdrew all charges against Mr. Usher on July 7, 2021, and the ALJ dismissed the case with prejudice the next day. ECF 25-4; ECF 25-5. Mr. Usher recently informed this Court that he would like to use these same documents in a new administrative enforcement action against him in Brazil. ECF 28 at 2–3. With the OCC action at an end, the Parties dispute whether this case is moot. ECF 24; ECF 28.

## II.  LEGAL STANDARD

Mootness is a justiciability doctrine derived from Article III of the Constitution, which mandates that federal courts may adjudicate only "actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), and may not issue advisory opinions. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). A case should be "dismissed as moot when, by virtue of an intervening event, a court . . . cannot grant any effectual relief whatever in favor of the [plaintiff]." *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

## III.  ANALYSIS

Because both the subpoena and *Touhy* request arose from the underlying—and now nonexistent—OCC enforcement action, this case is moot. In the D.C. Circuit, the termination of an underlying proceeding moots collateral discovery disputes related to that proceeding. *See In re Apollo Grp., Inc. Sec. Litig.*, 329 Fed. App'x 283, 284 (D.C. Cir. 2009); *Lopez Contractors, Inc. v. F&M Bank Allegiance*, 90 Fed. App'x 549, 550 (D.C. Cir. 2004); *In re City of El Paso*, 887 F.2d 1103, 1104 (D.C. Cir. 1989). Here, the ALJ's dismissal of all charges against Mr. Usher and administrative closure of the OCC's action terminated the underlying proceeding from which the subpoena and *Touhy* request sprung. Because this Court cannot enforce a subpoena arising out of a case that no longer exists, and because the Court cannot order the DOJ to comply with a request "to enable [Plaintiff] to defend himself in [a] . . . [nonexistent] enforcement action," ECF 16-1 at 201, the Court cannot provide Mr. Usher any "effectual relief" at this juncture. *Calderon*, 518 U.S. at 150.

Mr. Usher nonetheless asserts that the ALJ subpoena and his *Touhy* request have outlived the OCC proceeding because neither was issued under Federal Rule of Civil Procedure 45. He posits that while Rule 45 "expressly tether[s]" a subpoena to an underlying pending action, this is

3

not the case for 12 U.S.C. § 1818(n) (the basis for the ALJ subpoena) or DOJ *Touhy* regulations. ECF 26 at 9. Specifically, Mr. Usher argues that Section 1818(n) "is not limited to pending enforcement proceedings, and so ALJ Whang's subpoena is not *automatically* voided by the OCC withdrawing its charges with prejudice," and that "[t]he same logic applies to [his] *Touhy* request." *Id.* at 8, 10.

The Court disagrees. For starters, the Court observes that Mr. Usher's principal argument against mootness now rests on "the fact that neither the *Touhy* request nor the ALJ's subpoena is authorized pursuant to Rule 45," ECF 26 at 8, whereas his principal argument favoring disclosure of the exculpatory evidence was that "Rule 45 principles for discovery from the Government . . . support an order ordering production . . . forthwith." ECF 20-1 at 12; *see also id.* at 20 ("Rule 45 Requires the DOJ's Compliance with the ALJ's Subpoena"); *id.* at 25 ("Rule 45 Requires the DOJ to Produce the Materials Mr. Usher Requested Pursuant to DOJ's *Touhy* Regulations"). But regardless of Mr. Usher's construction of Rule 45, the applicable statutes and regulations do not support his claim that these requests can exist separate from the underlying proceeding to which they relate. *See* 12 U.S.C. § 1818(n) (describing a subpoena power that exists "[i]n the course of or in connection with any proceeding under this section"); 28 C.F.R. § 16.22(d) (requiring demonstration of a request's "relevance to the proceeding"). Beyond that underlying proceeding, these requests have no purpose, let alone legal basis. Whether the discovery request formally falls under Rule 45 is irrelevant. *See City of El Paso*, 887 F.2d at 1105 (D.C. Cir. 1989) (determining that deposition subpoena issued pursuant to the D.C. Code was mooted when "there [was] no longer a trial proceeding in aid of which a subpoena for discovery deposition may issue"); *Senate Permanent Subcomm. on Investigations v. Ferrer*, 856 F.3d 1080, 1084, 1086 (D.C. Cir. 2017)

(concluding that Congress's closing of an investigation rendered moot a subpoena issued in that investigation).

Even if Mr. Usher were correct that such "non-Rule 45" requests are not always voided when the underlying proceeding ends, there is no doubt that any dispute over the denial of Mr. Usher's requests in this case ended with the OCC action. The subpoena and *Touhy* request had one purpose: to "enable Mr. Usher to defend himself in the OCC enforcement action." ECF 16-1 at 201; *see also* ECF 20-1 at 34 ("[T]he discovery Mr. Usher seeks is essential to his defense in the OCC proceeding."); ECF 16 ¶ 76(f) ("[T]o date Usher lacks the authority to use [the records] in the OCC proceeding . . . And Usher seeks only to disclose the Exculpatory Evidence to . . . the OCC prosecutors and administrative law judge."); ECF 16 ¶ 15 (asking that this Court "require the government to permit Usher to use the Exculpatory Evidence before the OCC"); ECF 20 at 1 (requesting "an order compelling the [DOJ] to comply with the [ALJ's] subpoena . . . to produce documents in . . . an adjudication before the [OCC]"). And his Complaint confirms that "[a]ll [he] asks is for one executive agency of the U.S. Government to permit him to present the evidence to another executive agency in its parallel proceeding involving the same conduct." ECF 1 ¶ 14. The bottom line is that these requests were submitted exclusively to aid the OCC's proceeding against Mr. Usher. The proceeding is no more, so the requests are no more.

Nor is this dispute one of the "exceptional situations" where an otherwise moot case may proceed because it is "capable of repetition, yet evading review." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). The OCC dismissed all charges with prejudice, and there is no evidence suggesting that Mr. Usher will be subjected to the same action again. And contrary to Mr. Usher's arguments, his case is not saved from mootness simply because the Government acknowledged that "[i]f Plaintiff wishes to use the documents in a new proceeding, he may of course submit a

new request to the Department." ECF 25 at 12; *contra* ECF 26 at 11. Mr. Usher could submit a request for documents relevant to, for example, the proceeding he now faces in Brazil. ECF 28 at 2. But this would indeed be a "new request," which Mr. Usher would have to tailor and justify based on the demands of this "new proceeding." It would not duplicate or revive the dispute in this case as to whether DOJ correctly refused discovery to Mr. Usher based on his alleged failure to "demonstrate with particularity the relevance of the documents requested to the OCC proceeding." ECF 1-15 at 3; *see* 28 C.F.R. § 16.22(d).

This all being said, the Court understands Mr. Usher's frustration. He represents that he is currently defending himself in a Brazilian enforcement action for the same conduct upon which he was acquitted. The Government produced exculpatory evidence to Mr. Usher for his criminal prosecution that would assist him in this new enforcement action, but still he cannot lawfully use it. Between his attempts to modify the protective order, use the DOJ's *Touhy* procedures, secure an ALJ subpoena, and obtain relief from this Court, his efforts to acquire this evidence sound like a game of whack-a-mole. Having not been involved in the prior proceedings, the Court is unclear as to why Mr. Usher cannot have this information. But the Court cannot enforce a subpoena, compel the production of documents in response to a *Touhy* request, or otherwise order discovery for an action that has been dismissed with prejudice.

In sum, this case is moot. The outstanding motion for summary judgment, ECF 20, is **DENIED** as moot, and this case is **DISMISSED** as moot.

   **SO ORDERED.**

 

_____
JIA M. COBB
United States District Judge

Date: October 13, 2023